IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THERESA REGINA ANTHONY, | ) | CASE NO. 1:12 CV 2706 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

## Introduction

Before me by referral[1] is an action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by

Theresa Regina Anthony seeking a sentence six remand of her application for supplemental

security income.[2] The Commissioner has answered[3] and filed the transcript of the

administrative proceedings.[4] Under my initial[5] and procedural[6] orders, the parties have

---

[1] This matter was referred to me under Local Rule 72.2 in a non-document order entered on October 29, 2012.

[2] ECF # 1.

[3] ECF # 9.

[4] ECF # 10.

[5] ECF # 5.

[6] ECF # 12.

briefed their positions[7] and submitted supplemental charts[8] and the fact sheet.[9] The parties have participated in a telephonic oral argument.[10]

For the reason set forth below, I will recommend that the motion to remand for the consideration of new and material evidence pursuant to sentence six of 42 U.S.C. § 405(g) be denied.

## Facts

### A.    Decision of the Administrative Law Judge ("ALJ")

Anthony, who was born in 1961, dropped out of school in the 11th grade prior to graduation and never received a GED.[11] She had not engaged in substantial gainful activity during the 15 years prior to the hearing and so has no relevant past work.[12]

The ALJ, whose decision became the final decision of the Commissioner, found that from March 20, 2008, the alleged onset date, through the date of his decision, Anthony had severe impairments consisting of chronic obstructive pulmonary disease ("COPD") and/or

---

[7] ECF # 19 (Anthony's "motion for remand"), ECF # 20 (Anthony's brief in support); ECF # 22 (Commissioner's brief); ECF # 26 (Anthony's reply brief).

[8] ECF # 21 (Anthony's charts); ECF # 22-1 (Commissioner's charts).

[9] ECF # 11.

[10] ECF # 31.

[11] Transcript (Tr.) at 33.

[12] *Id.* at 32-33.

intermittent pneumonia and/or intermittent bronchitis and obesity.[13] The ALJ made the

following finding regarding Anthony's residual functional capacity ("RFC"):

> After careful consideration of the entire record, I find that, from March 20, 2008, the alleged onset date, through the date of this decision, Ms. Anthony had and has the residual functional capacity to perform work activities except for the following limitations on her ability to work:
>
> > Subject to the additional limitations listed below, Ms. Anthony could and can do work at the "sedentary", "light", and "medium" exertional levels, and could not and cannot do work at the "heavy" or "very heavy" exertional levels (footnote omitted).
> >
> > Ms. Anthony could not and cannot work in an environment where there would have been or would be exposure to fumes, chemicals, dust, or agricultural or landscaping pollens in concentrations that exceeded or exceed what would have been or would be in the environment outside of or away from the workplace.[14]

Because Anthony has no prior relevant work and the RFC limits her ability to perform

the full range of work at any relevant exertional level,[15] the ALJ posed a hypothetical

question to the vocational expert ("VE") at the hearing as to whether unskilled jobs exist in

the regional or national economy for persons with the RFC finding quoted above.[16] Relying

on the VE's response that jobs that Anthony could perform, such as electronic assembly

---

[13] *Id.* at 24-25.

[14] *Id.* at 29.

[15] *Id.* at 34. I note specifically that the ALJ found that Anthony could do work at the sedentary, light and medium exertional levels subject to the additional limitations of the RFC, but could not work at the heavy or very heavy exertional levels. *Id.* at 29.

[16] *Id.* at 34.

inspector, small product assembler, and grocery bagger, exist in sufficient numbers in the state and regional economies,[17] the ALJ found Anthony not under a disability.[18]

**B.      Issue on motion for remand**

Anthony presents a single issue in support of her motion for a remand:

*   Whether the functional assessments and treatment records of treating physician Liwang Asuncion, M.D. and treating neurologist Darshan Mahajan, M.D., attached herewith constitute new and material evidence that warrant a sentence six remand.[19]

Anthony argues that the medical opinions of Drs. Asuncion and Mahajan, which were developed prior to the ALJ issuing the decision but were not made part of the record,[20] nevertheless meet the three-part test established by the Sixth Circuit[21] for remanding a matter under sentence six. Specifically, she argues:

*   the evidence is "new" because it provides for the first time the CT, MRI and EMG studies demonstrating a clinical basis for Anthony's multiple degenerative disc abnormalities that would change Anthony's disc disease and lumbar pain from a non-severe to a severe impairment;[22]

*   the evidence is "material" because the opinions of Drs. Asuncion and Mahajan are from treating sources supported by medically acceptable

---

[17] *Id.* at 34-35.

[18] *Id.* at 35.

[19] ECF # 20 at 3.

[20] *See*, *id.* at 5.

[21] *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994); *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711-13 (6th Cir. 1988).

[22] ECF # 20 at 6.

diagnostic techniques and not inconsistent with other substantial evidence in the record, and so would be entitled to controlling weight;[23] and

• there is "good cause" for not presenting this evidence to the ALJ prior to the issuing of his opinion, in that Anthony was unrepresented at the administrative hearing and believed the ALJ would obtain the additional records.[24]

## Analysis

### A.     Standard of review – sentence six remand

Sentence six of 42 U.S.C. § 405(g) permits a court to remand a case back to the ALJ for consideration of new evidence under certain circumstances. 42 U.S.C. § 405(g) states in pertinent part:

> ... The court may ... at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding ...[25]

The Sixth Circuit has interpreted this statute as creating three requirements to warrant remand for consideration of additional evidence.[26] First, the claimant must submit evidence that is new. "New evidence must indeed be new; it cannot be cumulative of evidence already

---

[23] *Id.* at 7-9.

[24] *Id.* at 10.

[25] 42 U.S.C. § 405(g).

[26] *Sizemore*, 865 F.2d at 711–713; *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir.1993).

in the record."[27] Second, the evidence must be material. To satisfy this burden, the claimant must "demonstrate that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence."[28] Third, the claimant must show good cause exists for her failure to include the evidence in a prior proceeding.[29]

As the Sixth Circuit noted in *Faucher v. Secretary of Health and Human Services*, "[i]n a sentence six remand, the court 'does not rule in any way as to the correctness of the administrative determination, ... [but rather considers whether to] remand because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding.'"[30]

The party seeking a sentence six remand has the burden of proving all the necessary elements to support a remand.[31]

**B.    Application of standard – the matter should not be remanded.**

Initially, I note that the Commissioner preliminarily argues that the current ALJ decision, without any new evidence, is supported by substantial evidence and so must be

---

[27] *Elliott v. Apfel*, 28 F. App'x 420, 423 (6th Cir.2002).

[28] *Sizemore*, 865 F.2d at 711.

[29] *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 549 (6th Cir. 2002).

[30] *Faucher*, 17 F.3d at 175 (internal citations omitted).

[31] *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 653 (6th Cir. 2009).

affirmed.[32] The Commissioner contends that Anthony failed to prove that she could not perform any of the sedentary work identified by the VE.[33] Anthony, in turn, maintains that it is the ALJ who failed in his duty to question the VE as to whether the sedentary job he identified conflicted with the information provided in the DOT.[34] This "legal error,"she asserts, means that the matter may also be remanded under sentence four.[35]

Here, it is important to keep in mind that Anthony is before this Court by reason of her motion for a sentence six remand.[36] In considering a potential sentence six remand, as noted above, a court explicitly does not "rule in any way" on the correctness of the prior administrative determination. Indeed, as the Sixth Circuit clearly teaches, a sentence six remand is a "pre-judgment remand."[37] Accordingly, this Court should address the motion without rendering a judgment "in any way" on the present decision of the ALJ, and so without considering the Commissioner's argument as to whether that decision was supported by substantial evidence.[38]

---

[32] ECF # 22 at 8-10.

[33] *Id.* at 10.

[34] ECF # 26 at 8.

[35] *Id.* at 10.

[36] ECF # 19.

[37] *Faucher*, 17 F.3d at 175.

[38] I advised counsel at the oral argument that the Court would not consider that portion of the Commissioner's argument dealing with the correctness of the ALJ's decision.

That said, the issue to be decided is whether the evidence offered by Anthony meets the three-part standard required for a remand under sentence six.

### 1.    *New evidence*

Essentially, the Commissioner contends that the evidence was in existence "prior to the date of the ALJ's decision" and so is not new.[39] Anthony responds that the evidence is new because it was not available at the time of the administrative hearing.[40]

The Supreme Court has stated that a sentence six remand is appropriate where there is "evidence not in existence or available to the claimant *at the time of the administrative proceeding* that might have changed the outcome of the proceeding."[41] This focus on the state of the record at the time of the administrative proceeding has since been re-emphasized by the Sixth Circuit.[42]

---

[39] ECF # 22 at 11.

[40] ECF # 26 at 2.

[41] *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990) (emphasis added).

[42] *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010) (citing *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)); *Foster*, 279 F.3d at 357. (Evidence is new if it "was not in existence or available to the claimant *at the time of the administrative proceeding*") (quoting *Sullivan*, 496 U.S. at 626) (emphasis added.)  *See also*, *Delgado*, 30 F. App'x at 549. (Although Delgado had not prepared this report "before the [administrative hearing], all the information in it was available to her *before the ALJ's decision*" and so was not new) (emphasis added).)

Here, as Anthony makes clear in her reply brief,[43] none of the opinions offered as new were in existence at the time of the administrative hearing on June 28, 2010.[44] Moreover, none of the clinical records or diagnostic tests on which the physician opinions are based were in existence prior to that hearing date.[45] However, Anthony does not dispute that all this new evidence was created before June 17, 2011 – the date the opinion was issued.

Of importance here is the fact that the administrative record was kept open for approximately one year to allow the submission of new evidence. Specifically, the record here was explicitly kept open from June 28, 2010 – the date of the hearing – until June 17, 2011, when the ALJ's opinion was issued. As the Commissioner points out, the record was kept open because the ALJ acknowledged that other evidence existed that needed to be part of the record.[46] Moreover, the Commissioner relates that the ALJ "told [Anthony] to complete a new authorization for the release of records for her providers, and informed [Anthony] that he would request the records from her treating sources."[47]

The present situation is, therefore, analogous to the circumstances in *Delgado v. Commissioner of Social Security*. There, the Sixth Circuit found that evidence cannot be new evidence for sentence six purposes if it was available to the claimant before the date of the

---

[43] ECF # 26.

[44] *Id.* at 2.

[45] *Id.*

[46] ECF # 22 at 4 (citing transcript).

[47] *Id.*

ALJ's decision.[48] That is particularly true where, as here, the ALJ expressly held the record open for approximately one year after the administrative hearing precisely so that new medical evidence could be submitted.

Accordingly, for the reason stated, the evidence here is not new evidence for purposes of a potential sentence six remand.

Further, in addition to the question of when evidence became available to the claimant, the issue of newness requires that the evidence at issue not be cumulative. As the Sixth Circuit in *Elliott v. Astrue* stated, new evidence "must indeed be new; it cannot be cumulative of evidence already in the record."[49]

Here, in a discussion about materiality, the Commissioner argues that this evidence is cumulative because it is evidence of the same impairments that are documented elsewhere in the record.[50]

That said, however, while it is true that the new evidence addresses the same impairments as were the subject of previous evidence, the new material supplies different diagnostic tests that go to establishing the extent and severity of these conditions. As was noted above, the ALJ found Anthony's degenerative disc disease to be a non-severe impairment because, at least in part, her symptoms were not supported by clinical findings.[51]

---

[48] *Delgado*, 30 F. App'x at 549.

[49] *Elliott*, 28 F. App'x at 423.

[50] ECF # 22 at 11.

[51] Tr. at 25-27.

This evidence, as Anthony notes, provides CT, MRI, and EMG studies that are absent from the record before the ALJ and do provide a medical basis for her lumbar pain and numbness.[52]

Therefore, for the above reasons, this new evidence is not cumulative.

In sum, the submitted evidence is not "new" within the meaning of the applicable standard by virtue of being available to Anthony prior to the date the opinion was issued by the ALJ after the record had been kept open specifically for the receipt of additional evidence.

## 2.    *Material*

Despite formulating the arguments on several different bases, the Commissioner essentially contends that the new evidence is not material because it cannot be the basis for a different result. The Commissioner maintains that:

- it does not support a finding that Anthony's impairments would preclude her working for a 12-month period;[53]

- it does not show that she cannot do the sedentary work provided by the RFC;[54] and

- it is in "check box" form that relies on Anthony's subjective complaints of pain and not any objective clinical findings.[55]

---

[52] ECF # 26 at 2-3.

[53] ECF # 22 at 12.

[54] *Id.*

[55] *Id.* at 12-13.

In response, Anthony states first that the new evidence includes "objective findings that further substantiate Anthony's complaints of disabling pain."[56] Thus, she contends, rather than precluding a finding that she cannot work over a 12-month period, she argues that the new evidence actually supports her five years of complaints about back pain, neck pain, and numbness – a period of time more than lengthy enough to prove that such a disability would qualify for the 12-month period.[57]

As to the contention that the new evidence would show that she cannot perform the duties of the sedentary position of "electric assembler inspector," Anthony asserts that such a position is actually a semi-skilled job performed at the light exertional level.[58] Thus, Anthony notes that the opinions and treatment records of the two physicians at issue here "demonstrate Anthony's inability to perform light and medium exertion jobs," and so they are material.[59]

Similarly, Anthony observes that the Commissioner is not free to downgrade or disregard the opinion of a treating source simply because that opinion was given in check-box format.[60] Indeed, as Magistrate Judge White stated, "[b]ecause such forms are routinely provided to treating physicians to aid in disability determinations, it makes little

---

[56] ECF # 26 at 3.

[57] *Id.*

[58] *Id.*

[59] *Id.* at 4.

[60] *Id.*

sense to allow ALJs to categorically ignore" such information solely on the basis of its format.[61]

None of these arguments by the Commissioner are persuasive as to denying that the new evidence is material.

That said, however, there remains the question of whether the evidence is not material because it would not be the basis for a different result. The Commissioner argues first that because Dr. Mahajan completed his assessment form on the first day he met Anthony, it is likely that Dr. Mahajan would not be found to be a treating source entitled to controlling weight.[62] Further, the Commissioner contends that opinions as to a claimant's RFC are not medical opinions at all but intrude on the exclusive province of the Commissioner.[63] Finally, the Commissioner asserts that because the opinions of these two sources do not provide significant details or explanations as to how they were formulated, they are not material to the issues of her disability or her RFC.[64]

The Commissioner's arguments all presuppose that the evidence here would only be able to change the outcome of the decision if the two opinions are considered those of treating sources and so given controlling weight. In fact, the opinions could be given

---

[61] *Coy v. Astrue*, No. 1:12-CV-00381, 2012 WL 5497850, at *8 (N.D. Ohio Nov. 13, 2012).

[62] ECF # 22 at 12.

[63] *Id.* at 13.

[64] *Id.*

-13-

something less than controlling weight for reasons such as those detailed by the Commissioner and provide a reasonably probable basis for concluding that the decision would be different. The limitations noted in these opinions and supported by the new clinical findings go directly to the question of whether Anthony can do the jobs identified by the ALJ. As Anthony observed, "Drs. Asuncion and Mahajan's opinions reveal that Anthony was unable to meet the requirements [of the identified jobs] since her functional abilities are far less than those identified by the ALJ" on the basis of the record at the hearing.[65]

Thus, even if the opinions here are afforded less than controlling weight by reasons such as the length of the treating relationship, it is still reasonably probable that they would be accorded some weight by virtue of their not being cumulative of any other evidence and because they are congruent with the new clinical evidence. Therefore, it would also be reasonably probable that they would result in changes to the RFC, which would then alter the hypothetical question posed to the VE, resulting in a changed result.

## 3.    *Good cause*

Anthony here contends that the good cause for not getting this evidence before the ALJ in time for the decision is that she was an unrepresented claimant who relied on the ALJ to add this material to the record.[66] She also contends that she did not notify the ALJ of her

---

[65] ECF # 20 at 9.

[66] *Id.* at 10.

-14-

post-hearing treatment records because "she did not know that such evidence was relevant to her case."[67]

The good cause element of a sentence six remand requires that a claimant demonstrate "reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ."[68] While a claimant's *pro se* status at the administrative hearing is relevant to the good cause inquiry, it is not of itself dispositive.[69] In fact, when, as here, such a claimant acquires counsel by the time the matter reaches the Appeals Council, *Hollon ex rel. Hollon v. Commissioner of Social Security* suggests that the sentence six "good cause" inquiry must include that fact of latter representation.[70]

In addition, it must be kept in mind that the "burden of providing a complete medical record rests with the claimant."[71] Here, as the Commissioner notes, Anthony was informed numerous times during the proceeding of this duty to provide evidence about her medical treatment.[72] Moreover, Anthony twice affirmatively stated at the hearing that she understands that duty, informing the ALJ that she had sent release forms for her records to her

---

[67] ECF # 26 at 7.

[68] *Foster*, 279 F.3d at 357.

[69] *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 485 (6th Cir. 2006) (citing *Jones v. Sullivan*, 949 F.2d 57, 61 (2d Cir. 1991).

[70] *Hollon*, 447 F.3d at 485.

[71] *Weeks v. Shalala*, 65 F.3d 169 (6th Cir. 1995) (Table).

[72] ECF # 22 at 14 (citing transcript).

-15-

physicians.[73] Thus, as the Commissioner observes in this regard, her present argument that she simply did not know that her past treatment records were important is "unconvincing."[74]

This Court's reasoning in the prior case of *Marok v. Astrue*[75] is informative. As to the matter of the ALJ's duty to develop a record in the case of an unrepresented claimant, *Marok* states:

> The ALJ has a special duty to fully develop the record in the absence of counsel at an administrative hearing. *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir.1983). A claimant may waive his statutory right to counsel. 20 C.F.R. § 404.971. The ALJ, however, must not assume the role of counsel, but act as an examiner charged with developing the facts. *Lashley*, 708 F.2d at 1051 (quoting *Richardson v. Perales*, 402 U.S. 389, 411, 91 S.Ct. 1420, 28 L.Ed.2d 842(1971)). While a reviewing court may carefully scrutinize the record for an unrepresented claimant, a reversal or remand is not required merely because the record is not as developed as it could be if counsel had represented the claimant. *See Holden v. Califano*, 641 F.2d 405, 408 (6th Cir.1981). Rather, a court must examine each case to determine whether the ALJ "fully and fairly developed the record through a conscientious probing of all relevant facts." *Rowden v. Chater*, No. 95–5630, 1996 WL 294464, at *1 (6th Cir. June 3, 1996).[76]

Further, as to the "good cause" analysis, *Marok* dealt, as here, with medical records that were not completed at the time of the hearing, which a *pro se* claimant argued should have been directly obtained by the ALJ or which the ALJ should have explicitly directed the claimant to obtain. *Marok* noted, as is the case here, that the ALJ informed the claimant at

---

[73] *Id.*

[74] *Id.*

[75] *Marok v. Astrue*, No. 5:08CV1832, 2010 WL 2294056 (N.D. Ohio June 3, 2010) Pearson, MJ).

[76] *Id.*, at *6.

-16-

the conclusion of the hearing that additional evidence could be submitted, but that no such evidence was offered by the claimant. [77] In addition, *Marok* observed, as is the situation here, that the claimant failed to inform the ALJ about upcoming medical appointments.[78] Finally, as is also analogous to this case, the new evidence in *Marok* involved in part a physician's report prepared before the ALJ issued the final written decision.[79]

*Marok*, as here, framed the "good cause" inquiry as centering on why "Marok failed to incorporate this medical evidence into the record before the ALJ issued his written decision."[80] *Marok* concluded that although due regard would be given to both Marok's "then unrepresented status and the possible difficulty he may have faced in obtaining medical records," good cause for a sentence six remand was not present because Marok should have "submitted the medical records before the ALJ issued his written decision."[81]

I recommend reaching the same conclusion here. While *Marok* located the reason for finding that the claimant should have acted before the decision was issued in Marok's personal educational background,[82] the reasoning applies to Anthony. In particular, the time

---

[77] *Id.*, at *8.

[78] *Id.*; *see also*, ECF # 22 at 14.

[79] *Id.*

[80] *Id.*

[81] *Id.* (internal citations omitted).

[82] *Id.*

between the hearing and the decision in *Marok* was less than two months,[83] thus perhaps requiring some higher level of education or intelligence to act within that short period. Here, however, the time between the hearing and the decision was nearly a full year, and the record was explicitly kept open during that time for new medical evidence. Even accepting that Anthony is not as educated as Marok, who had some college, the principle and reasoning underlying *Marok* apply with equal force here, *mutatis mutandis*.

Thus, for the reasons stated, I recommend finding that good cause has not been established for a sentence six remand.

## Conclusion

For the reasons given above, I recommend that Theresa R. Anthony's motion for a sentence six remand of her application for supplemental security income be denied.

Dated: December 9, 2013                        s/ William H. Baughman, Jr.
                                               United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[84]

---

[83] *Id.*, at *2.

[84] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).